UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
958 AVENUE OF THE AMERICAS, LLC,

                    Plaintiff,

           -v-

ABASIC, S.A., NTS W. USA CORP., D/B/A DESIGUAL,

                    Defendants.
———————————————————————

21-CV-10348 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff 958 Avenue of the Americas, LLC ("958") brought this action against Defendants ABASIC, S.A., f/k/a ABASIC, S.L. ("ABASIC"), and NTS W. USA, Corp. d/b/a Desigual ("NTS", and together with ABASIC, "Defendants") for breach of contract. On September 29, 2023, the Court disposed of 958's motion for summary judgment (ECF No. 35) and Defendants' motion for partial summary judgment (ECF No. 41). *See 958 Ave. of the Americas, LLC v. ABASIC, S.A.*, No. 21-CV-10348, 2023 WL 6385817 (S.D.N.Y. Sept. 29, 2023) (ECF No. 60 ("Opinion")). In its Opinion, the Court granted 958's motion for summary judgment with respect to its first, second, and fourth causes of action, and denied Defendants' motion for partial summary judgment with respect to their first, second, third, fourth, fifth, and sixth defenses. (Opinion at 12.) The Court also directed the parties to file supplemental letter briefs with a proposed order regarding the amount of damages, attorney's fees, and issues related to indemnification pursuant to the Sublease. (*Id.* at 13.)

    On October 13, 2023, Defendants filed a motion for clarification, or in the alternative, reconsideration of the Court's opinion regarding the time period under which Defendants are liable. (ECF No. 61.) 958 filed an opposition to Defendants' motion on November 10, 2023.

(ECF No. 69.)  Defendants filed a reply in support of their motion on November 17, 2023.  (ECF No. 70.)  In addition, per the Court's Opinion, 958 and Defendants filed supplemental briefs and proposed orders regarding damages on December 1, 2023.  (ECF Nos. 72, 73.)

I. **Defendants' Motion for Reconsideration**

At the summary judgment stage, 958 moved to amend its complaint and permit recovery of rent, additional rent, and legal fees owed through October 31, 2022, the date on which 958 filed its summary judgment motion.  Defendants did not oppose the amendment, and the Court thus granted 958's motion to amend.  (Opinion at 5 ("Defendants have provided no argument that they would be prejudiced by this amendment. Accordingly, the complaint is deemed amended to allege $1,102,676.31 in damages through October 31, 2022 for unpaid rent.").)  So amended, the Court granted summary judgment on 958's first, second, and fourth causes of action.  Defendants now request clarification, or in the alternative, reconsideration with respect to the damages time period.  Defendants contend that the Fifth Amendment to the Sublease gave NTS the "unconditional right to terminate the Sublease as of April 1, 2022," and that "NTS exercised that right, thereby terminating the Sublease and NTS's rent obligations to 958 (and [ABASIC]'s obligations to 958) as of April 1, 2022."  (ECF No. 62 at 1.)  Defendants thus seek to shorten the damages time period to April 1, 2022.

Defendants bring their motion under Federal Rule of Civil Procedure 54(b).[1]  Rule 54(b) "provides that 'any order or other decision . . . that adjudicates fewer than all the claims . . . does

---

[1] As an initial matter, 958 contends that Defendants' reliance on Rule 54(b) is misplaced because Rule 54(b) applies only where a court's opinion "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," and here, the Court's Opinion adjudicated all claims and requested supplemental briefing as to damages only.  (ECF No. 69 at 7 n.4.)  Instead, 958 contends that Defendants motion is properly brought under Local Rule 6.3 of this Court.  The legal standard is the same regardless.  *See Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013).

not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Vornado Realty Tr. v. Castlton Env't Contractors, LLC*, No. 08-CV-4823, 2013 WL 5719000, at *1 (E.D.N.Y. Oct. 18, 2013).  However, "[e]ven if Rule 54(b) allows parties to request district courts to revisit earlier rulings, the moving party must do so within the strictures of the law of the case doctrine." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  While "a party may not advance new facts, issues or arguments not previously presented to the Court," *Steinberg v. Elkman*, No. 15-CV-278, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)), reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, No. 15-CV-9248, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (quoting *Hollander v. Members of the Bd. of Regents*, 524 Fed. App'x. 727, 729 (2d Cir. 2013)).

Defendants seek to introduce a new legal argument and exhibits that they failed to present to the Court at the summary judgment stage.  When 958 moved to amend its complaint to permit recovery of rent, additional rent, and legal fees through October 31, 2022, Defendants did not oppose the amendment, and the Court thus granted 958's motion to amend, stating that Defendants had not provided any argument as to why they would be prejudiced by this amendment.  (Opinion at 5.)  And in its motion for summary judgment, 958 clearly sought judgment for amounts owed on the Sublease "through October 31, 2022."  (ECF No. 39 at 11.) Defendants now, for the first time, contend that NTS exercised its right to early termination on January 31, 2022, which took place several months before the parties' summary judgment

3

briefing began in October 2022. There is thus no excuse for Defendants' failure to raise the argument at the summary judgment stage. It appears that Defendants made the strategic decision to refrain from advancing this argument at the summary judgment stage, as doing so would have been inconsistent with their position that the Overlease was terminated in March 2021. Defendants waived this argument and cannot belatedly raise it now.

As Defendants are prohibited from advancing new facts and arguments not previously presented to the Court on a motion for reconsideration, Defendants' motion is denied.

## II.     Damages

### A.     Rent and Additional Rent Damages.

Plaintiff seeks a total of $2,709,397.09 in damages for rent and additional rent damages owed under the Sublease. (ECF No. 72 at 2.) Specifically, 958 seeks $1,102,676.31 through October 31, 2022, comprising the following charges: (i) monthly rent in the amount of $366,666.52; (ii) Gross Sales Rent due under the Lease as amended in the amount of $29,593.75; (iii) Real Estate Taxes in the amount of $621,151.65; (iv) Repair costs and fines in the amount of $4,134.03; (v) Interest in the amount of $85,867.57; and (vi) Late fees in the amount of $950.00. (ECF No. 72 at 1-2; ECF No. 72-1 ("Terzi Decl.") ¶ 9.) In addition, since its summary judgment filing, Plaintiff incurred additional interest on the rent and additional rent due and owing through October 31, 2022, which, through November 24, 2023, totals $172,479.96. Thus, the total amount of rent, additional rent and interest 958 seeks for the period through October 31, 2022, amounts to $1,189,288.70.

958 also seeks continuing damages for the period of November 1, 2022, through September 30, 2023, which was both the date on which the Sublease expired and the date on which the Court issued its Opinion. (ECF No. 72 at 2.) As to that time period, Plaintiff seeks an additional $1,521,059.23, comprising the following charges: (i) fixed monthly rent in the amount

of $134,408.55; (ii) Real Estate Taxes in the amount of $314,626.16; (iii) Re-letting expense, consisting of Plaintiff's renovation work to prepare the Building for occupancy in the amount $250,000.00; (iv) Re-letting expense consisting of a tenant improvement allowance in the amount of $350,000.00; (v) Re-letting expense for brokerage commission in the amount of $447,019.35; (vi) Interest in the amount of $24,455.16; and (vii) late fees in the amount of $550.00.  (ECF No. 72 at 2; Terzi Decl., ¶ 13.)

958 represents that on October 3, 2022, 958 re-let the Building to M&J Trimming Company, Inc. ("M&J").  (Terzi Decl. ¶ 14.)  Under Section 24.01(b) of the Sublease, 958 is entitled to "the *reasonable* expenses of reletting, including, without limitation, altering and preparing the Premises for new tenants, brokers' commissions, legal fees, and all other expenses properly chargeable against the Premises and the rental therefrom."  (ECF 43-1 ¶ 24.01(b) (emphasis added).)   As stated above, 958 is seeking to recover, in connection with that re-letting, (i) Re-letting expense, consisting of Plaintiff's renovation work to prepare the Building for occupancy in the amount $250,000.00; (ii) Re-letting expense consisting of a tenant improvement allowance in the amount of $350,000.00; (iii) Re-letting expense for brokerage commission in the amount of $447,019.35.

958 fails to make a showing that 958's requested re-letting costs are reasonable under Section 24.01(b) of the Sublease.  Defendants contend that the re-letting costs should be prorated to account for the fact that 958's replacement sublease is a fifteen-year lease (180 months).  The Court agrees.  The prorated amounts are those that overlap with the period during which the Sublease would have been effective, from October 2022 through September 2023 (twelve months).  958 is thus entitled to recover 12/180 or 6.67% of the re-letting costs.  (ECF No. 73 at 5.)

Finally, Defendants contend that NTS is entitled to a three-month rent offset for July 2023 through September 2023, which is the period of overlap between M&J's rent payments under the replacement sublease and the term of the Sublease.  958 does not seek recovery of damages for the period between July 2023 and September 2023.  (Terzi Decl. ¶ 16.)  958 is thus not entitled to damages for that period.

### B.     Attorney's Fees and Indemnification

958 seeks an award of attorney's fees against ABASIC in the total amount of $101,445.00 in accordance with the terms of the Guaranty, as amended by the Fifth Amendment. (ECF No. 72 at 2.)  958 has submitted a summary of attorney billing, which appears to be reasonable.  (ECF No. 72-12.)  Defendants have not disputed 958's requested award for attorney's fees.  958 is thus entitled to attorney's fees from ABASIC in the total amount of $101,445.00.

Defendants' seventh and only surviving defense asserts that Defendants are entitled to indemnification under Section 9.01(b) of the Sublease because 958 was allegedly in default of Section 16.03(b) of the Sublease for failing to pay rent to SCG under the Overlease beginning on April 1, 2020.  Section 16.03(b) states that 958 "represents and warrants . . . [that] the Overlease is valid, existing, in full force and effect, and there is no default thereunder beyond the expiration of all applicable grace and/or cure periods."  In its Opinion, the Court determined that 958 did not breach Section 16.03(b) of the Sublease because 958 was not in default "beyond the expiration" of a "valid grace and/or cure period[]."  (Opinion at 11.)  Defendants are thus not entitled to indemnification under Section 16.03(b).

In their supplemental brief on damages, Defendants assert they are entitled to indemnification under Section 17 of the Sublease because 958 breached the covenant of quiet

6

enjoyment as a result of the SCG action. (ECF No. 73 at 2.) Section 17 of the Sublease states, in relevant part:

> So long as Tenant pays all of the Fixed Rent and Additional Rent and observes and performs in all material respects all of Tenant's other material obligations hereunder, Tenant shall peaceably and quietly have, hold and enjoy the Premises without hindrance, ejection or molestation by Landlord or any person lawfully claiming through or under Landlord, subject, nevertheless, to the provisions of this Lease and to Superior Leases and Superior Mortgages.

(ECF 43-1 ¶ 17.) As NTS defaulted on its rent obligations, Defendants fail to meet the precondition to benefit from the covenant of quiet enjoyment. Defendants are thus not entitled to indemnification under Section 17 of the Sublease.

### III.  Conclusion

For the foregoing reasons, Defendants' motion for reconsideration is DENIED.

The parties are directed to confer within one week and to file a joint proposed judgment in accordance with this Order within two weeks.

The Clerk of Court is directed to close the motion at ECF No. 61.

SO ORDERED.

Dated: May 22, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge